**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alpha-Pharma Healthcare Private Limited, | No. CV-23-01542-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| MakeQR.co.in, et al., | |
| Defendants. | |

      Plaintiff Alpha-Pharma Healthcare Private Limited seeks a preliminary injunction requiring non-party GoDaddy.com, LLC, either transfer a domain name to Plaintiff or place the domain name "on hold" to prevent it being transferred "for the pendency of this litigation." (Doc. 23 at 2). Plaintiff also requests the John Doe Defendants be ordered not to register, operate, maintain, or administer any website or domain name "utilizing or employing [Plaintiff's] name and trademarks." (Doc. 23 at 2). No defendant has appeared in this case, meaning the request for preliminary injunction is not opposed.

      On September 7, 2023, the Court granted Plaintiff's request for a temporary restraining order. In doing so the Court provided an overview of the background of Plaintiff's claims. In brief, Plaintiff manufactures and distributes pharmaceutical drugs. Unidentified individuals are distributing counterfeit versions of Plaintiff's drugs. The counterfeit drugs are distributed in packaging effectively identical to the packing Plaintiff uses. Plaintiff's packaging uses a QR code to direct consumers to a website where the consumer can check the authenticity of the product. The packaging of the counterfeit drugs

1  also includes a QR code, but that code directs consumer to websites not affiliated with
2  Plaintiff. The packaging of the counterfeit drugs direct consumers to <www.makeqr.co.in>
3  and <check-alphas.com>.

4  Based on the evidence presented in seeking a temporary restraining order, the Court
5  concluded Plaintiff was likely to succeed on the merits, would suffer irreparable harm
6  without injunctive relief, the balance of equities weighed in Plaintiff's favor, and the public
7  interest supported issuance of an injunction. (Doc. 16 at 4). Nothing has changed since
8  that time.

9  The evidence in the record continues to show Plaintiff has a strong likelihood of
10 success on its unfair competition claims. *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d
11 966, 969 (9th Cir. 2007) ("To prevail on its trademark infringement claim, [plaintiff] must
12 show that: (1) it has a valid, protectable trademark, and (2) that [defendant's] use of the
13 mark is likely to cause confusion."). Plaintiff has valid, protectable marks. And the
14 unidentified individual defendants are knowingly counterfeiting Plaintiff's products to
15 confuse consumers. *See Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036,
16 1056 (9th Cir. 1999) ("In light of the virtual identity of marks, if they were used with
17 identical products or services likelihood of confusion would follow as a matter of course.").
18 The two domain names are integral parts of the attempt to confuse consumers. Absent
19 additional factual developments, Plaintiff is likely to succeed on its claims.

20 Allowing the counterfeiting scheme to continue to operate would cause irreparable
21 harm to Plaintiff in the form of damage to its reputation and goodwill and the balance of
22 equities favors Plaintiff. *See, e.g.*, *adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747,
23 756 (9th Cir. 2018) (stating "loss of control over business reputation and damage to
24 goodwill [can] constitute irreparable harm"). Finally, the public interest weighs in favor
25 of an injunction to prevent ongoing counterfeiting.

26 Plaintiff requests the domain name <makeqr.co.in> either be transferred to Plaintiff
27 or put on hold pending resolution of this litigation. Placing the domain name on hold is
28 sufficient to prevent the feared harm. No bond is appropriate because no defendant will

suffer cognizable harm from the counterfeiting scheme being stopped.

Because no defendant has participated in this case, Plaintiff will be required to either seek entry of default and default judgment against defendants or file a statement explaining why they cannot seek default judgment at this time. If Plaintiff will not seek default judgment at this time, Plaintiff must set forth what additional actions it must take and the proposed schedule for doing so.

Accordingly,

**IT IS ORDERED** the Motion for Preliminary Injunction (Doc. 23) is **GRANTED**. Pending further Order of this Court, nonparty GoDaddy.com, LLC, shall lock or take other appropriate action regarding the domain name <makeqr.co.in> such that it cannot be transferred from its current owner to another owner or registrar.

**IT IS FURTHER ORDERED** the John Does 1-20 (the "Doe Defendants"), or anyone acting on the Doe Defendants' behalf, are enjoined and restrained from registering, operating, maintaining, and/or administering any website or domain name utilizing or employing Alpha-Pharma's name and trademarks.

**IT IS FURTHER ORDERED** no later than **October 16, 2023**, Plaintiff shall either apply for entry of default or file a statement explaining how it plans to proceed. If Plaintiff applies for entry of default, it shall file a motion for entry of default judgment within ten days of the Clerk of Court entering the defaults.

Dated this 2nd day of October, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge